UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BRANDON FRANCIS | CIVIL ACTION |
| VERSUS | NO. 10-781 |
| ANTHONY P. CHAMPAGNE ET AL. | SECTION "S" (2) |

## REPORT AND RECOMMENDATION

Plaintiff, Brandon Francis, is a prisoner currently incarcerated in the David Wade Correctional Center in Homer, Louisiana. He filed this complaint pro se and in forma pauperis pursuant to 42 U.S.C. § 1983 against Terrebonne Parish Assistant District Attorney Dennis Elford and attorneys Anthony P. Champagne and Julie Erny of the Terrebonne Parish Public Defender's Office. Plaintiff alleges that he was provided with ineffective assistance of counsel, forced to accept a plea agreement, denied copies of transcripts by the 32nd Judicial District Court for the Parish of Terrebonne and subjected to excessive force during his arrest. Record Doc. No. 1 (Complaint at ¶ IV).

Specifically, Francis alleged in his complaint that he filed motions for copies of "verbatim transcrip[t]s of Boykins Transcrip[t]s Guilty plea and sentenceing [sic] hearing and motions for production of documents [in the Terrebonne Parish 32nd Judicial District Court] but the District Court has failed to respond . . . ." He also alleged that "on the date of my arrest the Houma Police Department had physical [sic] abuse[d] me. I was hit on the right side of my head . . . ." Id.

Francis further states that he "was force[d] to take a plea bargain by my attorney Julie Erny and Assistant District Attorney Dennis Elford." Plaintiff asserts that his attorney replied "No" when asked if she was "going to filed [sic] any kind of motions" for him. Plaintiff states that he doesn't "appreciate how this attorney represent me." Id.

In the relief portion of his complaint, Francis states that he "would like to be awarded monetary damages cause[d] by the Terrebonne Parish District Public Defender Office" in the amount of $50,000. Id. ¶ V.

## ANALYSIS

I.   STANDARDS OF REVIEW

A prisoner's pro se complaint for alleged civil rights violations must be screened by the court as soon as practicable after docketing, regardless whether it has also been filed in forma pauperis. 28 U.S.C. § 1915A(a); Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998). Such complaints by prisoners must be dismissed upon review if they are frivolous or fail to state a claim. 28 U.S.C. § 1915A(b)(1).

"A federal court may dismiss a claim in forma pauperis 'if satisfied that the action is frivolous or malicious.'" Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994) (quoting former 28 U.S.C. § 1915(d), now incorporated in 28 U.S.C. § 1915(e), as amended). A complaint is frivolous "if it lacks an arguable basis in law or fact." Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998); Reeves v. Collins, 27 F.3d 174, 176 (5th

Cir. 1994). The law "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

"'A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.'" Davis, 157 F.3d at 1005 (quoting McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997)). "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however, dismissal under the section 1915(d) standard is not." Moore v. Mabus, 976 F.2d 268, 269 (5th Cir. 1992). An in forma pauperis complaint which is legally frivolous, fails to state a claim or seeks monetary relief against a defendant who is immune from such relief may be dismissed sua sponte at any time under 28 U.S.C. § 1915(e)(2).

In this case, plaintiff's Section 1983 complaint may be dismissed either under 28 U.S.C. § 1915(e) as frivolous because it lacks an arguable basis in law or under Rule

3

12(b)(6) because it fails to state a cognizable Section 1983 claim under the broadest reading.[1]

## II.  DEFENSE ATTORNEYS ARE NOT STATE ACTORS

Anthony P. Champagne and Julie Erny, who are sued in this action under Section 1983, are attorneys who allegedly were appointed as public defenders to represent plaintiff in his state court criminal proceedings.

To be successful under Section 1983, a plaintiff must establish that a defendant has acted under color of state law in violating his rights. Daniels v. Williams, 474 U.S. 327 (1986). To state a claim under Section 1983, a plaintiff must show (1) deprivation of a right, privilege or immunity secured by the federal laws or Constitution (2) by one acting under color of state law. James v. Texas Collin County, 535 F.3d 365, 373 (5th Cir. 2008); Calhoun v. Hargrove, 312 F.3d 730, 734 (5th Cir. 2002); Mississippi Women's Med. Clinic v. McMillan, 866 F.2d 788, 791 (5th Cir. 1989). Thus, plaintiff must show that Champagne and Erny's actions are "fairly attributable to the state." West v. Atkins, 487 U.S. 42, 49 (1988); accord Johnson ex rel. Wilson v. Dowd, 305 Fed. Appx. 221, 2008 WL 5212795, at *2 (5th Cir. 2008); Cornish v. Correctional Servs. Corp., 402 F.3d 545, 549 (5th Cir. 2005).

---

[1] Pro se civil rights complaints must be broadly construed, Moore, 30 F.3d at 620, and I have broadly construed the complaint in this case.

4

Under no circumstances can these defendants, as the attorneys who represented Francis in his criminal case, be considered state actors as a matter of law. Polk County v. Dodson, 454 U.S. 312, 325 (1981); Small v. Dallas County, 170 Fed. Appx. 943, 2006 WL 925500, at *1 (5th Cir. 2006) (citing Hudson v. Hughes, 98 F.3d 868, 873 (5th Cir. 1996); Mills v. Criminal Dist. Ct. No. 3, 837 F.2d 677, 679 (5th Cir. 1988)). Because these defendants are not state actors, plaintiff's Section 1983 claims against them have no basis in federal law and must be dismissed for failure to state a cognizable claim.

III. PROSECUTORIAL IMMUNITY

Plaintiff has named Terrebonne Parish Assistant District Attorney Dennis Elford as a defendant in this case based solely upon his actions as a prosecutor in connection with state court criminal proceedings against Francis. To the extent that Francis asserts claims against the Assistant District Attorney in his individual capacity, Elford is immune from suit.

Courts employ a "functional" test to determine whether officials are entitled to absolute immunity, in which they look to the "nature of the function performed, not the identity of the actor who performed it." Forrester v. White, 484 U.S. 219, 227-29 (1988); accord Hill v. City of Seven Points, 31 Fed. Appx. 835, 2002 WL 243261, at *10 (5th Cir. 2002); Hulsey v. Owens, 63 F.3d 354, 356 (5th Cir. 1995).

It is well established that prosecutors are immune from liability under Section 1983 for actions taken as an advocate in pursuit of a criminal prosecution. Cleavinger v. Saxner, 474 U.S. 193, 200 (1985); Quinn v. Roach, 326 Fed. Appx. 280, 2009 WL 1181072, at *9 (5th Cir. 2009); Hill, 2002 WL 243261, at *10. This immunity applies to a prosecutor's actions in "initiating prosecution and carrying [a] criminal case through the judicial process." Id. (quotation omitted); accord Buckley v. Fitzsimmons, 509 U.S. 259, 270, 272 (1993); Quinn, 2009 WL 1181072, at *9.

Thus, "[a] prosecutor enjoys absolute immunity from personal liability for damages under section 1983 for actions 'initiating a prosecution and . . . presenting the State's case' and those 'intimately associated with the judicial phase of the criminal process.'" Esteves v. Brock, 106 F.3d 674, 676 (5th Cir. 1997) (quoting Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976)); accord Quinn, 2009 WL 1181072, at *9; Hill, 2002 WL 243261, at *10. "A prosecutor's absolute immunity will not be stripped because of action that was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." Kerr v. Lyford, 171 F.3d 330, 337 & n.10 (5th Cir. 1999), abrogated in part on other grounds by Castellano v. Fragozo, 352 F.3d 939 (5th Cir. 2003) (quotation omitted); accord Champluvier v. Couch, 309 Fed. Appx. 902, 2009 WL 320829, at *1 (5th Cir. 2009); Hill, 2002 WL 243261, at *10.

In the instant case, the actions of a prosecutor in the district attorney's office concerning the criminal charges against Francis in Terrebonne Parish form the exclusive basis of plaintiff's claims against the Assistant District Attorney. However, the Assistant District Attorney's actions in initiating and pursuing the prosecution of Francis fall well within the ambit of the judicial phase of the criminal process for which prosecutors are immune from liability. Plaintiff has failed to allege any actions in which the assistant district attorney was functioning outside the scope of prosecutorial immunity. Therefore, all claims for damages against the Assistant District Attorney in his individual capacity must be dismissed.

IV. HECK BARS PLAINTIFF'S SECTION 1983 CLAIMS

In this case, plaintiff seeks monetary damages arising from alleged constitutional deficiencies in his state court criminal proceedings, including his guilty plea and the alleged failure to provide him with transcripts of these proceedings. All such claims must be dismissed at this time under Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court held that a civil action for alleged civil rights violations that attacks the validity of state confinement, which has not been reversed, expunged, invalidated, or called into question by a federal court's issuance of a writ of habeas corpus, is not cognizable under Section 1983.

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness

> would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

<u>Id.</u> at 486-87 (emphasis in original) (footnote omitted). Although the Supreme Court's decision in <u>Heck</u> concerned a civil action for monetary damages, the United States Court of Appeals for the Fifth Circuit has also applied <u>Heck</u> in cases in which the plaintiff seeks injunctive relief. <u>Clarke v. Stalder</u>, 154 F.3d 186, 189 (5th Cir. 1998) (en banc) (citing <u>Edwards v. Balisok</u>, 520 U.S. 641, 117 S. Ct. 1584 (1997)).

Plaintiff's claims are clearly connected to the validity of his present confinement. <u>Heck</u>, 512 U.S. at 479; <u>Arnold v. Town of Slaughter</u>, 100 Fed. Appx. 321, 2004 WL 1336637, at *3-4 (5th Cir. 2004); <u>Hainze v. Richards</u>, 207 F.3d 795, 799 (5th Cir. 2000); <u>Boyd v. Biggers</u>, 31 F.3d 279, 283 (5th Cir. 1994). Francis's complaint indicates that, on April 1, 2005, he pled guilty to armed robbery and was sentenced to 15 years at hard labor and that, at the time of filing this complaint, he was in custody in the David Wade Correctional Center in Homer, Louisiana. Record Doc. No. 1, Complaint at ¶ II and Attachments to Complaint at Record Doc. No. 1-1, pp. 10, 15 and 17. The conviction

that he challenges in this case has <u>not</u> been set aside in any of the ways described in <u>Heck</u>. Thus, any claims for relief that he asserts, undermining his continued confinement, are premature and must be dismissed. As the Fifth Circuit has noted, the dismissal of plaintiff's Section 1983 claims is with prejudice to their being asserted again until the <u>Heck</u> conditions are met. <u>Johnson v. McElveen</u>, 101 F.3d 423, 424 (5th Cir. 1996).

## V. TRANSCRIPTS

Francis alleges that the Terrebonne Parish 32nd Judicial District Court failed to respond to his motions for a copy of his <u>Boykin</u>[2] transcript and that the district court's failure to provide a copy of his <u>Boykin</u> transcript prevented him from filing a timely application for post-conviction relief. Construed broadly, plaintiff's allegation may include that defendant's failure to provide a transcript has deprived him of his right of access to the courts. Prisoners have a constitutional right of meaningful access to the courts. <u>Bounds v. Smith</u>, 430 U.S. 817, 828 (1977); <u>Pembroke v. Wood County</u>, 981 F.2d 225, 229 (5th Cir. 1993).

However, this constitutional right is not without limitations. "'While the precise contours of a prisoner's right of access to the courts remain somewhat obscure, the Supreme Court has not extended this right to encompass more than the ability of an

---

[2]The United States Supreme Court held in <u>Boykin v. Alabama</u>, 395 U.S. 238, (1969), that it was reversible error if defendant had not voluntarily and understandingly entered his plea of guilty.

9

inmate to prepare and transmit a necessary legal document to a court.'" Eason v. Thaler, 73 F.3d 1322, 1328 (5th Cir. 1996) (quoting Brewer v. Wilkinson, 3 F.3d 816, 821 (5th Cir. 1993)); accord Treece v. Andrews, 188 Fed. Appx. 230, 2006 WL 1726502, at *1 (5th Cir. 2006); Vaccaro v. United States, 125 F.3d 852, 1997 WL 574977, at *1 (5th Cir. 1997).

Significantly, before a prisoner may prevail on a claim that his First Amendment right of access to the courts was violated, he must demonstrate that his position as a litigant was actually prejudiced. In Lewis v. Casey, 518 U.S. 343 (1996), the United States Supreme Court noted "the requirement that an inmate alleging a violation of [the right of access to the courts] must show actual injury." Id. at 349 (emphasis added). To fulfill this requirement, the inmate must prove that he was "hindered [in] his efforts to pursue a legal claim." Id. at 351; accord Treece, 2006 WL 1726502, at *1; Cochran v. Baldwin, 196 Fed. Appx. 256, 2006 WL 2418945, at *1 (5th Cir. 2006); Jones v. Greninger, 188 F.3d 322, 325 (5th Cir. 1999); Chriceol v. Phillips, 169 F.3d 313, 317 (5th Cir. 1999); Eason, 73 F.3d at 1328. In this case, Francis wholly fails to establish this element of his First Amendment claim.

Plaintiff's submissions establish that he was not prevented from filing any legal documents and that he will not be prevented from doing so in the future. He alleges that he was unable to file his application for post-conviction relief because he did not receive

the Boykin transcript in a timely manner. This allegation fails to state a cognizable claim.

Although Francis alleges that he needed a copy of his transcript to file his post-conviction relief application, there is no reason that he could not have filed a timely application without the transcript, explained to the court that the transcript had been ordered and supplemented his application with the transcript when he received it. Furthermore, he had personal knowledge of the facts concerning his guilty plea hearing because he was there. He could have told the court in his application for post-conviction relief what was wrong with his guilty plea based on his personal knowledge, even in the absence of a transcript. He was neither deprived of access to the courts nor was his position as a litigant actually prejudiced.

Under these circumstances, Francis has failed to state a cognizable Section 1983 claim in this case for violation of any First Amendment right. Accordingly, his claim of denial of access to the courts fails to state a claim upon which relief can be granted under Section 1983.

VI.   PRESCRIPTION

Although Francis names no particular defendant as to his excessive force claim, his complaint, construed broadly, may assert a claim against the Houma Police Department and/or some of its officers that he was subjected to unconstitutionally

excessive force during his arrest in 2005. Any such claim is clearly barred by the applicable one-year prescription, or statute of limitations, period.

> Because there is no federal statute of limitations for § 1983 claims, the district court looks for comparison to the forum state's statute of limitations for personal injury claims. In Louisiana, personal injury claims are governed by La. Civ. Code Art. 3492, which provides for a prescriptive period of one year from the date of injury or damage.
> For purposes of calculating the limitations period, a § 1983 cause of action accrues when the plaintiff knows or has reason to know of the injury which forms the basis of his action. The Supreme Court has held that prescription begins to run at the point when "the plaintiff can file suit and obtain relief."

Duplessis v. City of New Orleans, No. 08-5149, 2009 WL 3460269, at *4-5 (E.D. La. Oct. 26, 2009) (McNamara, J.) (quoting Wallace v. Kato, 549 U.S. 384, 388 (2007)) (citing La. Civ. Code art. 3492; Wallace, 549 U.S. at 387; Wilson v. Garcia, 471 U.S. 261, 275 (1985); Jacobsen v. Osborne, 133 F.3d 315, 319 (5th Cir. 1998); Gonzales v. Wyatt, 157 F.3d 1016, 1020 (5th Cir. 1998); Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994); Elzy v. Roberson, 868 F.2d 793, 794 (5th Cir. 1989)).

Plaintiff's complaint indicates that he pled guilty to armed robbery on April 1, 2005. Obviously, he was arrested before that date, and his arrest occurred much more than one year before the instant lawsuit was tendered for filing on February 26, 2010. Therefore, any excessive force claim that Francis might assert arising out of his arrest has prescribed and must be dismissed as legally frivolous or for failure to state a claim upon which relief can be granted under Section 1983.

## RECOMMENDATION

For all of the foregoing reasons, **IT IS RECOMMENDED** that plaintiff's complaint asserting claims pursuant to 42 U.S.C. § 1983 be **DISMISSED WITH PREJUDICE**, either as legally frivolous, for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2), or under Heck.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[3]

New Orleans, Louisiana, this \_\_\_\_23rd\_\_\_\_ day of March, 2010.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[3]Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.